O’Neall J.
delivered the opinion of the Court.
The various grounds for non-suit seem to me to be resolvable into two: 1st. Was there any consideration to support the promise? 2d. Was the promise proved? The allegations, that there was no privity of contract, depends upon these: for if there was a consideration and a promise, it is in vain to talk about want of privity. Indeed, as I said in Brown v. O’Brien, if the money be the money of the plaintiff, that is enough to support the action.
1st. If there were a consideration sufficient to raise an implied promise, there can be no doubt that it is quite enough to support the express promise. The facts when put together make up on this point the following case: the defendant bought the land of Nicholas Ford, against whom Daniel M’Mahon had a large execution. A part of the purchase monev the defendant retained, and promised to apply by a particular time to the payment of that very execution. Before the expiration of the time limited, the plaintiff purchased the execution, and it was regularly assigned to him. He received the receipt from Ford, and presented it to defendant, who promised to pay it. To any plain mind, there would seem to be no doubt that the plaintiff was entitled to receive the money in the hands of the defendant. The same is, I think, the proper legal conclusion. M’Mahon the original owner of the execution, could have beyond all doubt considered the money paid to Aiken as his, and compelled him to pay it; for the payment to the defendant was to the use of the person to whom the execution belonged. M’Mahon did not however claim the fund while the execution belonged to *107 him. Indeed, the time of payment had not elapsed when he transferred the execution to Peay, who thereby became entitled to all the incidents of the execution: he found Aiken had received part of the money, lie might, if he chose, regard him as his agent, and malic him account for it. I can see no difference, in this respect, between the case before us, and that of the sheriff who had collected money on the_/?. fa. before it was assigned. lie could not refuse to pay it to the assignee. Why? not because it was collected for the plaintiff, but because it was applicable to the execution which belonged to the plaintiff. So here, the money in Aiken’s hands is of right applicable to the execution, and hence the plaintiff may demand it. The action is not on the receipt, it proceeds upon the notion that the money belongs to tire plaintiff. Let it be asked, ex cequo etbono, to whom is the money payable? The answer is, the plaintiff? Hence, I should have no difficulty in saying that there would be an implied momisc arising from the facts stated, but when an express promise is alleged and proved, there can be no doubt; for the defendant has the money of Ford, which he has promised to apply to this very execution. The plaintiff is in possession of his receipt, and when it was presented to the defendant, he promised him to pay the money. This makes out a clear consideration for the promise. In Chitty on Con., 54, A., Patterson J. recognises and enforces the rule, that in an action for money had and received, the possession of the plaintiff’s money is considered enough to support the implied promise. Much more must that be the case, when the person in possession promises to pay. But it is said the plaintiff did not enter satisfaction on the execution. I know no law which compelled him to do so; for he had the right to hold the execution open until satisfaction in fact resulted. But the defendant has nothing to do with that question. Ford might possibly make it in another forum, and insist that Peay should elect his remedy. To Aiken, it is on this question perfectly immaterial whether the execution be satisfied or not. He has money applicable to the execution, and to it, it must be paid, and from it, when applied, satisfaction may result.
2d. The consideration being enough to support the promise, *108 there can be no doubt of the plaintiff’s right to recover. For the proof is clear, that he promised Peay unconditionally to pay the money, after the execution was assigned to him.
The motions for non-suit and new trial are dismissed.
Evans J., Wardlaw J., and Frost J., concurred.